UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

        *v.*        Case No. 19-CR-105

KEVIN JOHNSON,

        Defendant.

# OBJECTIONS TO THE COURT'S REPORT AND RECOMMENDATION

## INTRODUCTION

The Court, in its recommendation, states that (1) officers possessed reasonable suspicion for an attempted *Terry* stop; and (2) officers had probable cause to arrest Mr. Johnson. *Report and Recommendation* p. 4. It has been recommended by the Court that Mr. Johnson's Motion to Suppress Evidence be denied. *Id.* at p. 2. Mr. Johnson objects to this recommendation and addresses one issue in reply; the attempted *Terry* stop lacked reasonable suspicion because the complaint was insufficient to corroborate information to be considered reliable.

## ANALYSIS

A brief investigatory stop is reasonable if it is "based on reasonable suspicion that the detained individual has committed or is about to commit a crime." *United States v. Ruiz*, 785 F.3d 1134, 1141 (7th Cir. 2015) (quoting *United States v. Uribe*, 709 F.3d 646, 649-50 (7th Cir. 2013)). Although the reasonable suspicion standard is

1

less demanding than probable cause needed for arrest, it still must show "some objective manifestation that the person stopped is, or is about to be, engaged in criminal activity." *United States v. Ienco*, 182 F.3d 517, 523 (7th Cir. 1999) (quoting *United States v. Cortez,* 449 U.S. 411, 417 (1981)). Here, when a single informant provides the tip that led to the *Terry* stop, courts must look to the amount of information given, the degree of reliability, and the extent that the officers were able to corroborate the informant's information. *United States v. LePage*, 477 F.3d 485, 488 (7th Cir. 2007).

### *Anonymity*

Although the caller gave a name, that individual could not be contacted after eleven attempts. (ECF No. 44 at 10.) Where an individual's reputation cannot be assessed and they may not be held accountable if their allegations turn out to be false, more corroboration is required to find reasonable suspicion. *Florida v. J.L.*, 529 U.S. 266, 270 (2000). Here, the Court incorrectly states that "the caller was not anonymous… [t]he caller gave a name to the dispatcher." *Report and Recommendation*, p. 7. While the caller gave a name, their tip would still be considered anonymous because "Robert Terry's" reputation could not and cannot be assessed. "Mr. Terry" could also not be located by officers upon arrival at the scene. *United States' Opposition to Defendant's Motion to Suppress*, p. 2-3. Providing an unverifiable name and being unknown to the police, has the effect of anonymity. *State v. Williams*, 241 Wis.2d 631, 647 (2001); *Adams v. Williams*, 407 U.S. 143, 146-47 (1972).

Additionally, "Mr. Terry" cannot be held responsible if the allegation turns out to be fabricated. *J.L.*, 529 U.S. 270. "Unlike a tip from a known informant whose reputation can be assessed and who can be held responsible if her allegations turn out to be fabricated, see *Williams*, 407 U.S. 146-47, 'an anonymous tip alone seldom demonstrates the informant's basis of knowledge.'" *J.L.* 529 U.S. 270 (quoting *Alabama v. White*, 496 U.S. 325, 329 (1990)).

2

## *Corroboration*

The Court states that the tip was corroborated simply by "finding an individual in the area who matched the description by race, sex, clothing, age, and suspicion of carrying a firearm." *Report and Recommendation*, p. 7-8. However, while profiles may be considered, the officers are still required to articulate specific characteristics and actions exhibited by the person to be detained which arouse the officer's attention. See *United States v. Dennis*, 115 F.3d 524, 532 (7th Cir. 1997) ("[W]e require law enforcement authorities to articulate the specific characteristics exhibited by the person or object to be detained which aroused the authorities suspicion…"). No articulable facts existed to engage in a *Terry* stop with Mr. Johnson. *LePage*, 477 F.3d 488 (In ruling that officers had corroborated the evidence, the court said "[t]his is not a case where a single anonymous caller told the police that some unnamed person at the location had a gun and then hung up").The officers were forced to claim that because Mr. Johnson had his hands in his pocket, he must be concealing a gun. *Report and Recommendation*, p. 2-3.

## *Reasonable Suspicion*

It is the Court's position that this single tipster gave enough information which the officers were able to corroborate through finding an individual in the vicinity "who matched the description by race, sex, clothing (red jacket), age, and suspicion of carrying a firearm." *Report and Recommendation* p. 7-8. Mr. Johnson objects to this interpretation. A tip is not reliable merely because its description of the suspect's visible attributes proves accurate; reasonable suspicion requires that a tip must be reliable in its assertion of illegality, not just in its tendency to identify a determinate person. *J.L.*, 529 U.S. 272; see also *U.S. v. Brown*, 448 F.3d 239 (3d Cir. 2006). Additionally, an inchoate and unparticularized suspicion or hunch, even if inspired, will not suffice (for reasonable suspicion). *United States v. Feliciano*, 45 F.3d 1070, 1082 (7th Cir. 1995). Having a mere suspicion that Mr. Johnson was carrying a firearm was not adequate grounds for reasonable suspicion. *Dennis*, 115 F.3d 532

3

("The mere fact that certain characteristics that a law enforcement officer observes fit a profile will not establish reasonable suspicion").

### *Suspicious Conduct*

The *Report and Recommendation* concedes that "Although it is possible that [Mr.] Johnson had his hands in his pocket because it was February in Milwaukee and not because he was concealing a gun, reasonable suspicion does not require negating innocent explanations for the suspicious conduct." *Report and Recommendation*, p. 8 (citing *Illinois v. Wardlow*, 528 U.S. 119, 125 (2000)). However, the Court failed to explain exactly what "suspicious conduct" Mr. Johnson was engaging in. "Suspicious conduct" would be, for example, where the suspects of an armed robbery dispatch were seen turning around toward police sirens, making an immediate turn into a restaurant, and emerging 15 seconds after the siren vanished. *State v. Patton*, 297 Wis.2d 415, 419-20 (Ct.App. 2006) (or like in *U.S. v. Quinn*, 83 F.3d 917, 921 (7th Cir. 1996), where an officer approached three individuals when a baggie with white residue was dropped and all three members scattered in opposite directions). By merely walking down the street, Mr. Johnson displayed no such suspicious behavior prior to the initial contact.

The *Report and Recommendation* goes on to liken this case to *Terry*. "All of this conduct was by itself lawful, but also suggested that the individuals were casing the store for a planned robbery." *Report and Recommendation*, p. 8; quoting *Terry v. Ohio*, 392 U.S. 1, 30 (1968). Here, Mr. Johnson only matched the description of a tipster, *Report and Recommendation*, p. 2, and conducted himself in no way to draw suspicion. Mr. Johnson's alleged suspicious activity was having his hands in his pocket on a cold day in February in Milwaukee. *Report and Recommendation*, p. 2-3. While profiles may be considered, the officers are still required to articulate specific characteristics and actions exhibited by the person to be detained which arouse the officer's attention. *Dennis*, 115 F.3d 532. The government failed to show that here.

4

## CONCLUSION

Because officers lacked the necessary reasonable suspicion required to justify a *Terry* stop, the officers subsequently lacked probable cause which makes the search incident to arrest unreasonable. As such, Mr. Johnson objects to the Court's recommendation that his motion to suppress be denied.

Dated at Milwaukee, Wisconsin this 3rd day of July, 2020.

Respectfully submitted,

BIRDSALL OBEAR & ASSOCIATES

/s/ *John A. Birdsall*

John A. Birdsall, WI Bar #1017786
BIRDSALL OBEAR & ASSOCIATES, LLC.
1219 N. Cass Street
Milwaukee, WI 53202
Tel. (414) 531-5465
Fax (414) 531-5468
E-mail: jbirdsall@birdsall-law.com

*Counsel for Defendant*, Kevin Johnson