UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

        Plaintiff,

  v.

KEVIN JOHNSON,

        Defendant.

Case No. 19-cr-105-pp

---

**ORDER RESPONDING TO LETTER RECEIVED ON AUGUST 15, 2022 (DKT. NO. 92)**

---

On June 16, 2021, the defendant—represented by counsel—signed a plea agreement admitting that he knowingly possessed a firearm after having been convicted of a felony. Dkt. No. 72. On July 13, 2021, the court conducted a change-of-plea hearing with the defendant (again, accompanied by counsel); the hearing took place by videoconference and lasted just short of an hour. Dkt. No. 74. The defendant answered multiple questions from the court, indicating that he understood his rights and that he was pleading guilty knowingly and voluntarily. Id. On October 14, 2021, the court sentenced the defendant to serve sixty months (five years) in custody with credit for time served. Dkt. No. 85. At the time, the defendant was not in custody; the court allowed him to self-surrender no later than two weeks from the date the court issued the judgment. Dkt. No. 84 at 2. The court entered the judgment on October 15, 2021, dkt. no. 85, so the defendant was required to surrender himself by October 29, 2021.

1

On October 28, 2021, the court received a release status report from the probation office. Dkt. No. 90. The report revealed that on October 22, 2021—eight days after the sentencing hearing—the defendant had removed his electronic monitoring bracelet; he had been out of contact with probation ever since. Id. at 1. The court issued an arrest warrant. On December 4, 2021, the defendant was arrested by the U.S. Marshals Service in Milwaukee; he had not self-surrendered. Dkt. No. 91.

On August 15, 2022, the court received a letter from the defendant. Dkt. No. 92. The return address on the envelope was the Federal Medical Center at Butner, North Carolina—a Bureau of Prisons facility. Dkt. No. 92-1. The letter began by telling the court that the defendant was asking for help and that he "accept[ed] [the court's] investation and would love to attend your banquet." Dkt. No. 92 at 1. The court suspects that the defendant is referring to the fact that condition 17 of the conditions of supervised release the court imposed ordered that within six months of the defendant's release following service of his sentence, he must make an appointment to meet with Judge Pepper. The letter indicates that the defendant was "actually hoping and wishing we could start the process now please." Id. The defendant says that given a chance, he can prove his innocence despite having signed a plea agreement; he describes the actions of the arresting officers as unlawful and unjust.[1] Id. The plaintiff

---

[1] On April 27, 2020, the defendant's *third* appointed lawyer filed a motion to suppress, arguing that the officers who arrested the defendant did not have reasonable suspicion to stop him and lacked probable cause to arrest him. Dkt. No. 39. After the motion had been fully briefed, Magistrate Judge William E. Duffin issued a report recommending that this court deny the motion to

says that his lawyer—who was his *fourth* appointed lawyer—forced him to plead guilty because she did not want to go to trial. Id. He reminds the court that the court told him it would not appoint any more lawyers for him. Id. The defendant says that throughout his experience with the criminal justice system, he has experienced "all types of unduly and unconstitutional actions from Judges, Das, Police officers, P.O., C.O., even [his] own legal representation;" he asserts that "[e]very legal encounter [his] whole life is unjust and constitutionally unduly." Id. The defendant reports that he currently is incarcerated in a medical center in North Carolina; he says that on May 7, 2022 he was physically assaulted and has been in special housing (the court assumes he means restricted housing) since but has not yet had a hearing. Id. The defendant closes by saying, "Im planning to send you a copy of my complaint once copies are made. Pleas Help!" Id.

It is not clear what the defendant is asking the court to do, and at this stage in the process, there is little the court has the authority to do. A defendant who believes that he has been wrongfully convicted or sentenced may, as the defendant notes, appeal his conviction and sentence. Under Federal Rule of Appellate Procedure 4(b)(1), a defendant must file his notice of appeal in the district court within fourteen days after the court enters judgment. In this case, the court entered its judgment on October 15, 2021, so

---

suppress. Dkt. No. 45. The defendant's lawyer objected. Dkt. No. 46. The court reviewed all the pleadings, but agreed with Judge Duffin and denied the motion to suppress. Dkt. No. 48.

the defendant would have needed to file his notice of appeal by October 29, 2021. He did not do so.

A defendant may ask a court to correct a clear error in a sentence by filing a motion under Federal Rule of Criminal Procedure 35(a) within fourteen days after sentencing. The court sentenced the defendant on October 14, 2021, so he would have had to file a Rule 35 motion by October 28, 2021. He did not do so.

A person who is in custody serving a federal sentence and who believes that sentence was imposed in violation of the Constitution or the laws of the United States may file a motion under 28 U.S.C. §2255, asking the court to vacate, set aside or correct the sentence. There are rules for when a person must file a §2255 motion; usually the person must file the motion within a year of the date on which the judgment of conviction becomes final, unless certain other circumstances are present. 28 U.S.C. §2255(f).

The defendant need not send the court his complaint about the hearing procedures at Butner. A person in the custody of the United States Bureau of Prisons who wishes to file a grievance about any aspect of his confinement may use the BOP's Administrative Remedy Program. https://www.bop.gov/policy/progstat/1330_018.pdf.

Federal courts generally may not interfere in BOP administrative proceedings. If an incarcerated person believes that the BOP has exceeded or violated its statutory or regulatory authority, that person may file a lawsuit under the Administrative Procedures Act, 5 U.S.C. §701.

4

Case 2:19-cr-00105-PP   Filed 08/26/22   Page 4 of 5   Document 93

The court wants to see the defendant succeed. But it must follow the law and the procedures set out in the statutes and the rules. The defendant must follow those rules, too. The defendant must follow one of the above procedures if he wants to challenge his conviction or his sentence, or if he wants to complain about BOP procedures.

Dated in Milwaukee, Wisconsin this 26th day of August, 2022.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**